UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN SOMAI,

    Plaintiff,

v.   Case No: 8:23-cv-938-CEH-MRM

JAMES EARL BURGESS, BARTELS
FOREST PRODUCTS and GEICO
CASUALTY COMPANY,

    Defendants.
_____/

## ORDER

This matter comes before the Court on the Plaintiff's Motion to Remand and for Attorney's Fees and Costs (Doc. 6). In the motion, Plaintiff requests this Court remand the action to state court because the removing Defendant fails to establish the amount in controversy exceeds $75,000, to invoke the Court's diversity jurisdiction. Plaintiff also seeks costs and fees for the improvident removal. Removing Defendant, Bartels Forest Products, has failed to file a response in opposition and thus the motion is deemed unopposed. *See* M.D. Fla. Local Rule 3.01(c). The Court, having considered the motion and being fully advised in the premises, will grant, in part, Plaintiff's Motion to Remand and for Attorney's Fees and Costs. The case will be remanded for lack of jurisdiction, but the Court declines to award fees and costs.

I.  **BACKGROUND**

On March 17, 2023, Plaintiff Kevin Somai ("Plaintiff") commenced this action against Defendants in the Circuit Court of the Twelfth Judicial Circuit, in and for Manatee County, Florida, by filing a three-count complaint. Doc. 1-2. The case arises out of an automobile accident that occurred on October 17, 2022. *Id.* ¶ 7. Plaintiff alleges that, on that date, he was operating a vehicle near the intersection of State Road 70 and Verna Bethany Road in Bradenton, Manatee County, Florida. *Id.* Near the same intersection, Defendant James Earl Burgess ("Burgess") was operating a motor vehicle owned by Defendant, Bartels Forest Products ("Bartels"). *Id.* ¶ 8. Burgess negligently operated the motor vehicle so that it collided with the vehicle Plaintiff was driving. *Id.* ¶ 9. At the time, Burgess was in the course and scope of his employment with Bartels. *Id.* ¶ 9. Plaintiff sues Defendants Burgess and Bartels for negligence.[1] *Id.* ¶¶ 10–17. Plaintiff alleges he was injured as a result of the accident and suffers from "great physical pain and suffering, disability, inability and loss of capacity for the enjoyment of life, inconvenience, physical impairment, disfigurement, scarring, mental anguish, loss or diminution of earnings or earning capacity, aggravation of an existing disease or physical defect, permanent injury within a reasonable degree of medical probability, and medical related expenses in the past and in the future . . . ." *Id.* ¶ 12.  Plaintiff states his damages exceed $50,000. *Id.* ¶ 1.

---

[1] Plaintiff also sued his uninsured motorist carrier, GEICO Casualty Company, but GEICO was dismissed as a party before removal. Doc. 6 at 1.

2

Defendant Bartels removed the action to this Court on April 28, 2023, alleging that jurisdiction is proper under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds $75,000. Doc.1 at 1–2. The diversity of citizenship between the parties is not at issue, only the amount in controversy. In support of the jurisdictional amount in controversy, Bartels submits the affidavit of its counsel, Eli M. Marger, Esquire. Doc. 1-1. Marger, who is a member in good standing of the Florida Bar and handles a high volume of personal injury insurance defense cases in the State of Florida, attests that the potential damages to be awarded in an action such as this more likely than not exceed $75,000. *Id.* Marger reviewed the Complaint and noted Plaintiff's request for recovery of damages for past and future medical expenses, as well as loss of income and the ability to earn income in the future. Marger states that Somai is believed to be a Florida practicing physician which supports that loss of income damages and the ability to earn income in the future could alone satisfy the jurisdictional threshold of $75,000. Neither the Notice of Removal, nor Plaintiff's Motion for Remand, identify the type of injuries sustained by Somai, the amount of Plaintiff's medical bills, or any information regarding the lost wages claim.

## II.   LEGAL STANDARD

"The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). "Federal courts are courts of limited jurisdiction."

*Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). And "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1)-(3). For diversity jurisdiction to exist under 28 U.S.C. § 1332, each defendant must be diverse from each plaintiff. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978) ("Congress has established the basic rule that diversity jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship."). 28 U.S.C. § 1441(a) permits a defendant to remove, as a general matter, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction ...." "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001).

"The sufficiency of the amount in controversy is determined at the time of removal." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). "[A] removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). Lack of subject matter jurisdiction requires remand to the state court under 28 U.S.C. § 1447(c); *see also* Fed. R. Civ. P. 12 (h)(3). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly," and "all

doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 411.

### III. DISCUSSION

Plaintiff seeks remand because Bartels fails to carry its burden of establishing that the amount in controversy is satisfied to invoke the Court's diversity jurisdiction. In his motion for remand, Plaintiff argues the Declaration of attorney Marger is pure speculation and lacks any evidentiary basis. Doc. 6 at 3–4. Bartels fails to respond to the motion for remand. Given Bartels' lack of factual basis for removing the case, Plaintiff requests he be awarded fees and costs associated with the improper removal. Section 1147(c) of Title 28 provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Remand is warranted here, but the Court will exercise its discretion and deny Plaintiff's request for attorney's fees.

Bartels has not responded to the motion to remand or otherwise provided factual justification for the removal. The Court agrees with Plaintiff that the bare-bones declaration filed by Bartels' counsel contains no factual basis to support removal. Bartels proffers no facts to demonstrate that jurisdiction is proper other than the speculation of Plaintiff's counsel. Although attorney Marger suggests the jurisdictional threshold is met because he believes Plaintiff is a practicing physician, Bartels fails to provide any evidence of Plaintiff's profession as a physician or any documentation regarding the purported lost wages claim. Moreover, as referenced above, there is no

record evidence of the nature or extent of Plaintiff's injuries or amount of his medical bills.

As the removing defendant, Bartels bears the burden of proving federal jurisdiction exists. *See Univ. of S. Ala.*, 168 F.3d at 411–412 ("The burden of establishing subject matter jurisdiction falls on the party invoking removal."). The removing defendant must present documents that "contain an unambiguous statement that clearly establishes federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n.63 (11th Cir. 2007), *cert. denied*, 553 U.S. 1080 (2008). Bartels fails to do so. "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams*, 269 F.3d at 1319–20. Additionally, the court may not speculate as to the amount in controversy. *Pretka*, 608 F.3d at 754–55 (11th Cir. 2010).

Bartels fails to establish that the jurisdictional amount in question has been met. It fails to provide a reasonable evidentiary basis that removal was proper. Accordingly, remand is warranted.

Plaintiff seeks attorney's fees and costs associated with the improvident removal, which may be awarded under 28 U.S.C. § 1447(c). Plaintiff argues he is entitled to fees and costs because Bartels lacked an objectively reasonable basis for seeking removal.

The Supreme Court has explained:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005). On the one hand, Bartels has not attempted to oppose the remand, calling into question the reasonableness of the removal in the first instance. However, on the other hand, Plaintiff's Complaint does seek loss of earnings and earning capacity. Thus, if Bartels had come forward with evidentiary support of Plaintiff's occupation as a physician, it arguably could have established an objectively reasonable basis to support the amount in controversy. Moreover, Bartels' lack of opposition to the motion supports an expeditious remand. Therefore, its actions have not caused an excessive delay in the litigation. While a close call, the Court exercises its discretion to deny the Plaintiff's request for fees, particularly where Plaintiff has not come forward with a declaration of counsel supporting the amount of fees and costs claimed.[2]  It is hereby

---

[2] On July 7, 2023, the Court issued an order directing Plaintiff to supplement the motion for remand with a declaration of his counsel, including supporting documentation, as it relates to his claim for fees and costs sought under 28 U.S.C. § 1447(c). The supplement was to be filed by July 17, 2023. To date, nothing has been filed.

**ORDERED**:

1. Plaintiff's Motion to Remand and for Attorney's Fees and Costs (Doc. 6) is **GRANTED in part and DENIED in part** as set forth herein.

2. This action is **REMANDED** to the Twelfth Judicial Circuit in and for Manatee County, Florida.

3. The Clerk is directed to send a certified copy of this Order to the Clerk of Court for the Twelfth Judicial Circuit in and for Manatee County.

4. Plaintiff's request for attorney's fees and costs under 28 U.S.C. § 1447(c) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on July 20, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any